# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-03-6-M |
| | ) | (CIV-07-1098-M) |
| BRENDA LOU BOWIE, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Brenda Lou Bowie ("Bowie"), a federal prisoner, filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody on September 28, 2007. On December 19, 2007, plaintiff-respondent United States of America filed its response, and on February 29, 2008, Bowie filed a Memorandum in Support of Petitioner's Motion to Vacate, Set Aside, or Correct Her Sentence Pursuant to 28 U.S.C. 2255.

I. Background

On May 8, 2003, a forty-eight-count Superseding Indictment was returned by the grand jury in the Western District of Oklahoma, charging Bowie, her husband, and seven others with drug and firearm offenses. On February 9, 2004, a two-count Superseding Information was filed, charging Bowie with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1). Pursuant to a written plea agreement, Bowie pled guilty to each count.

On August 30, 2004, the Court conducted a sentencing hearing and sentenced Bowie to consecutive terms of 120 months' incarceration on Count 1 and 60 months' incarceration on Count

2.[1]  Bowie appealed her sentence to the United States Court of Appeals for the Tenth Circuit.  In an unpublished opinion issued August 8, 2006, the Tenth Circuit affirmed Bowie's sentence.  *United States v. Bowie*, 191 Fed. Appx. 695 (10th Cir. 2006).  Bowie timely filed a Petition for Writ of Certiorari.  On October 30, 2006, the United States Supreme Court denied Bowie's petition.  *Bowie v. United States*, 549 U.S. 1012 (2006).

II.  Discussion

Bowie asserts that her counsel was ineffective.  To prevail on a claim of ineffective assistance of counsel, Bowie must first show:

> [her] counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness.  To make this showing, [movant] must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy.  Second, [s]he must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

*Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); *see also Strickland v. Washington*, 466 U.S. 668 (1984).  A court is not required to address both components of the test if the movant makes an insufficient showing on one, and, thus, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  *Strickland*, 466 U.S. at 697.

Bowie bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment."  *Id.* at 690.  Conclusory allegations are insufficient

---

[1]The Court also pronounced two alternative sentences, neither of which are relevant to Bowie's § 2255 motion.

to support an ineffective assistance of counsel claim. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Bowie contends that her counsel was ineffective because he failed to adequately argue to suppress evidence from an illegal search that occurred on October 1, 2002 by Oklahoma City police officer Fernandez Hernandez. However, Bowie's counsel filed a motion to suppress evidence from that search, and said motion was granted by the Court. Because Bowie's counsel actually succeeded in suppressing the evidence at issue, the Court finds that Bowie's counsel was not ineffective.

Bowie next contends that her counsel was ineffective by refusing to object to or dispute the testimony of the witnesses who testified at her sentencing. Bowie's sentencing hearing was combined with her husband's, and Bowie's attorney cross examined the witnesses after Bowie's husband's attorney cross examined them. Having carefully reviewed the transcript from the sentencing hearing, the Court finds that during the cross examination of the witnesses, counsel challenged the credibility of the three cooperating witnesses' testimony, eliciting damaging information regarding illegal drug abuse, favorable deals with the government, including the fact that one of the witnesses had been paid $10,000 as an informant for the government, and lack of specific knowledge regarding Bowie. Further, counsel challenged the drug weights attributed to Bowie by the case agent. Having reviewed the transcript, the Court finds that Bowie's counsel's performance certainly did not fall below an objective standard of reasonableness.

Bowie further contends that her counsel was ineffective because he did not discuss her Presentence and Investigation Report with her. However, at her sentencing, Bowie specifically testified that she and her counsel had had an opportunity to read and to review her Presentence and Investigation Report. *See* Transcript of August 30, 2004 Sentencing Hearing at p. 8, lines 2-5.

3

Based upon this testimony, the Court finds that Bowie's counsel was not ineffective based upon any failure to discuss Bowie's Presentence and Investigation Report with her.

Finally, in support of her ineffective assistance of counsel claim, Bowie makes the following allegations:

> [Counsel] offered limited advice, coerced Bowie into taking a plea for substantially longer than the original (with a waiver), he did not make her privy to the alleged evidence the Government had against her, he refused to speak in Bowies defense when representation was most crucial and he totally lacked enthusiasm when it came to keeping his client up to date, and he refused to argue important issues that would have resulted in a lesser sentence.

Memorandum in Support of Petitioner's Motion to Vacate, Set Aside, or Correct Her Sentence Pursuant to 28 U.S.C. 2255 at 2. However, other than these conclusory statements, Bowie provides no factual support for these allegations. Accordingly, the Court finds that these allegations are insufficient to support an ineffective assistance of counsel claim.

Therefore, the Court finds that Bowie's counsel was not ineffective.

III. Evidentiary Hearing

As set forth above, Bowie's motion does not set forth a basis for relief from her conviction and sentence. Because that conclusion is conclusively shown from the record and from the nature of Bowie's claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

IV.     Conclusion

For the reasons set forth above, the Court DENIES Bowie's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody.

**IT IS SO ORDERED this 11th day of March, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE